KAREN R. GOODMAN  
Taft Stettinius & Hollister  
111 East Wacker Drive  
Suite 2800  
Chicago, IL 60601  
(312) 527-4000  
Chapter 7 Trustee

The Honorable: A BENJAMIN GOLDGAR  
Chapter 7  
Location: 642  
Hearing Date: / /  
Hearing Time:  
Response Date: / /

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re: FAHEY, PATRICK B.    § Case No. 13-32582  
§  
§  
Debtor(s)    §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on August 15, 2013. The undersigned trustee was appointed on August 15, 2013.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

---

1 The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

4. The trustee realized the gross receipts of   $   11,078.00

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 94.83 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of [1]   $ | 10,983.17 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 03/04/2014 and the deadline for filing governmental claims was 02/11/2014. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,624.33. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,624.33, for a total compensation of $1,624.33.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 12/18/2014            By:/s/KAREN R. GOODMAN
                                         Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. §1320.4(a)(2) applies.

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

Page: 1

**Case Number:** 13-32582  
**Case Name:** FAHEY, PATRICK B.  

**Period Ending:** 12/18/14

**Trustee:** (520191) KAREN R. GOODMAN  
**Filed (f) or Converted (c):** 08/15/13 (f)  
**§341(a) Meeting Date:** 10/01/13  
**Claims Bar Date:** 03/04/14

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Location: 1167 S. Humphrey Avenue, Oak Park IL 6<br>Orig. Asset Memo: Imported from original petition Doc# 1 | 400,000.00 | 0.00 | | 0.00 | FA |
| 2 | Checking Account<br>Orig. Asset Memo: Imported from Amended Doc#: 17 | 3,147.88 | 1,647.88 | | 1,647.88 | FA |
| 3 | Savings Account<br>Orig. Asset Memo: Imported from Amended Doc#: 17 | 468.25 | 468.25 | | 468.25 | FA |
| 4 | Miscellanou household furnishings<br>Value amended by Claim #5 | 5,000.00 | 5,000.00 | | 0.00 | FA |
| 5 | Miscellanou household furnishings<br>Orig. Asset Memo: Imported from Amended Doc#: 17 | 3,000.00 | 3,000.00 | | 500.00 | FA |
| 6 | Books<br>Orig. Asset Memo: Imported from Amended Doc#: 17 | 2,000.00 | 0.00 | | 0.00 | FA |
| 7 | Men's clothing, shoes and coats<br>Orig. Asset Memo: Imported from Amended Doc#: 17 | 200.00 | 0.00 | | 0.00 | FA |
| 8 | Annuities - retirement<br>Orig. Asset Memo: Imported from Amended Doc#: 17 | 65,982.00 | 0.00 | | 0.00 | FA |
| 9 | 2013 federal tax refund<br>Orig. Asset Memo: Imported from Amended Doc#: 17 | 6,578.00 | 6,578.00 | | 6,578.00 | FA |
| 10 | 2002 Honda CRV - 110,000 miles<br>Orig. Asset Memo: Imported from Amended Doc#: 17 | 5,050.00 | 2,650.00 | | 1,600.00 | FA |
| 11 | Miscellanous office equipment<br>Orig. Asset Memo: Imported from Amended Doc#: 17 | 500.00 | 500.00 | | 283.87 | FA |
| 11 | **Assets** Totals (Excluding unknown values) | **$491,926.13** | **$19,844.13** | | **$11,078.00** | **$0.00** |

Printed: 12/18/2014 10:24 AM    V.13.20

Exhibit A

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 2

**Case Number:** 13-32582  
**Case Name:** FAHEY, PATRICK B.

**Trustee:** (520191) KAREN R. GOODMAN  
**Filed (f) or Converted (c):** 08/15/13 (f)  
**§341(a) Meeting Date:** 10/01/13

**Period Ending:** 12/18/14  
**Claims Bar Date:** 03/04/14

| 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br><br>Ref. # | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|

**Major Activities Affecting Case Closing:**

Await receipt of 2013 tax refund.

**Initial Projected Date Of Final Report (TFR):**   December 31, 2014        **Current Projected Date Of Final Report (TFR):**   December 31, 2014

Printed: 12/18/2014 10:24 AM    V.13.20

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 1

**Case Number:** 13-32582  
**Case Name:** FAHEY, PATRICK B.  

**Taxpayer ID #:** **-***5609  
**Period Ending:** 12/18/14

**Trustee:** KAREN R. GOODMAN (520191)  
**Bank Name:** Rabobank, N.A.  
**Account:** ******0366 - Checking Account  
**Blanket Bond:** $5,000,000.00  (per case limit)  
**Separate Bond:** N/A

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|---|
| 04/21/14 | {9} | United States Treasury | 2013 tax refund | | 1224-000 | 6,578.00 | | 6,578.00 |
| 04/30/14 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 10.00 | 6,568.00 |
| 05/30/14 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 10.00 | 6,558.00 |
| 06/30/14 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 10.00 | 6,548.00 |
| 07/31/14 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 10.35 | 6,537.65 |
| 08/29/14 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 10.00 | 6,527.65 |
| 09/11/14 | | Patrick Fahey | Sale of Non-exempt assets to Debtor pursuant to Court Order dated 8/18/14 | | | 4,500.00 | | 11,027.65 |
| | {10} | | Appraised at $4,000 - claimed exemption of $2,400-per court order of 08/18/14 | 1,600.00 | 1129-000 | | | 11,027.65 |
| | {2} | | Balance in account $3,147.88, less wildcard exemption of $1,500-per court order of 08/18/14 | 1,647.88 | 1129-000 | | | 11,027.65 |
| | {3} | | Balance in savings account - per court order of 08/18/14 | 468.25 | 1129-000 | | | 11,027.65 |
| | {5} | | $3,000 value less tax refund exemption of $2,500 per court order of 08/18/14 | 500.00 | 1129-000 | | | 11,027.65 |
| | {11} | | $500 value less negotiated payment - per court order of 08/18/14 | 283.87 | 1129-000 | | | 11,027.65 |
| 09/30/14 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 13.89 | 11,013.76 |
| 10/31/14 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 16.36 | 10,997.40 |
| 11/28/14 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 14.23 | 10,983.17 |
| | | | **ACCOUNT TOTALS** | | | 11,078.00 | 94.83 | $10,983.17 |
| | | | Less: Bank Transfers | | | 0.00 | 0.00 | |
| | | | **Subtotal** | | | 11,078.00 | 94.83 | |
| | | | Less: Payments to Debtors | | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | | **$11,078.00** | **$94.83** | |

{} Asset reference(s)

Printed: 12/18/2014 10:24 AM    V.13.20

Exhibit B

# Form 2

Page: 2

## Cash Receipts And Disbursements Record

**Case Number:** 13-32582  
**Case Name:** FAHEY, PATRICK B.  

**Taxpayer ID #:** **-***5609  
**Period Ending:** 12/18/14  

**Trustee:** KAREN R. GOODMAN (520191)  
**Bank Name:** Rabobank, N.A.  
**Account:** ******0366 - Checking Account  
**Blanket Bond:** $5,000,000.00 (per case limit)  
**Separate Bond:** N/A  

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|
| | | **TOTAL - ALL ACCOUNTS** | | | **Net Receipts** | **Net Disbursements** | **Account Balances** |
| | | **Checking # ******0366** | | | 11,078.00 | 94.83 | 10,983.17 |
| | | | | | **$11,078.00** | **$94.83** | **$10,983.17** |

{} Asset reference(s)                                                                                           Printed: 12/18/2014 10:24 AM     V.13.20

# E X H I B I T   C
## ANALYSIS OF CLAIMS REGISTER

**Claims Bar Date:** March 4, 2014

**Case Number:** 13-32582  
**Debtor Name:** FAHEY, PATRICK B.

Page: 1

**Date:** December 18, 2014  
**Time:** 10:24:22 AM

| Claim # | Creditor Name & Address | Claim Type | Claim Ref. No. / Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 200 | KAREN R. GOODMAN<br>111 East Wacker Drive<br>Suite 2800<br>Chicago, IL 60601 | Admin Ch. 7 | [Updated by Surplus to Debtor Report based on Net Estate Value: 8743.31] | $1,624.33 | $0.00 | 1,624.33 |
| 1<br>610 | Nordstrom fsb<br>P.O. Box 6566<br>Englewood, CO 80155 | Unsecured | | $7,013.08 | $0.00 | 7,013.08 |
| 1I<br>640 | Nordstrom fsb<br>P.O. Box 6566<br>Englewood, CO 80155 | Unsecured | | $11.07 | $0.00 | 11.07 |
| SURPLUS<br>650 | FAHEY, PATRICK B.<br>1167 S. HUMPHREY AVENUE<br>OAK PARK, IL 60304 | Unsecured | | $2,334.69 | $0.00 | 2,334.69 |
| **<< Totals >>** | | | | 10,983.17 | 0.00 | 10,983.17 |

**TRUSTEE'S PROPOSED DISTRIBUTION**  Exhibit D

Case No.: 13-32582
Case Name: FAHEY, PATRICK B.
Trustee Name: KAREN R. GOODMAN

**Balance on hand:** $ 10,983.17

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 10,983.17

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - KAREN R. GOODMAN | 1,624.33 | 0.00 | 1,624.33 |

Total to be paid for chapter 7 administration expenses: $ 1,624.33
Remaining balance: $ 9,358.84

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 9,358.84

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for priority claims: $ 0.00
Remaining balance: $ 9,358.84

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

**UST Form 101-7-TFR (05/1/2011)**

Timely claims of general (unsecured) creditors totaling $ 7,013.08 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Nordstrom fsb | 7,013.08 | 0.00 | 7,013.08 |

Total to be paid for timely general unsecured claims: $ 7,013.08
Remaining balance: $ 2,345.76

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for tardy general unsecured claims: $ 0.00
Remaining balance: $ 2,345.76

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 2,345.76

**UST Form 101-7-TFR (05/1/2011)**

To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of 0.1% pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $11.07. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $2,334.69.

**UST Form 101-7-TFR (05/1/2011)**